# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

KENNEDY FUNDING, INC., *
 *
    Plaintiff, *
 *
vs. *
 *  CV 212-183
CITY OF BRUNSWICK, GEORGIA, *
BRYAN THOMPSON, JONATHAN *
WILLIAMS, CORNELL HARVEY, *
MARK SPAULDING, ROOSEVELT *
HARRIS, JR., AND LYNN FREY. *
 *
    Defendants. *

## ORDER

Plaintiff Kennedy Funding, Inc. ("KFI") brought this action against Defendants, the City of Brunswick and several of its officers, agents, and employees ("the City"), based on alleged misrepresentations made in connection with a planned development project in Brunswick, Georgia. The Court issued an Order on September 29, 2014 which granted Defendant's motion in part but reserved ruling on the claims of fraud and conspiracy against the City and its agents in their official capacities. See Dkt. No. 72. The Court relies on the factual background set forth in that previous Order to avoid redundancy. Before the Court are KFI's Motion for Partial Summary Judgment, Dkt. No. 24, and the

1

City's Motion for Summary Judgment, Dkt. No. 27. As explained below, the City has not waived sovereign immunity. Accordingly, the City's Motion for Summary Judgment is **GRANTED**, and KFI's Motion for Partial Summary Judgment is **DENIED**.

## LEGAL STANDARD

As set forth in the Court's previous order, summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a dispute regarding such a fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In making this determination, the court views all of the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there

2

AO 72A
(Rev. 8/82)

is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 256-57.

When, as here, the parties have both filed motions for summary judgment, the applicable Rule 56 standard is not affected. See Gerling Global Reinsurance Corp. of Am. v. Gallagher, 267 F.3d 1228, 1233 (11th Cir. 2001). "[T]he facts are viewed in the light most favorable to the non-moving party on each motion." Chavez v. Mercantil Commercebank, N.A., 701 F.3d 896, 899 (11th Cir. 2012).

## ANALYSIS

Throughout this case, the City has asserted its entitlement to sovereign immunity and argued that KFI's claims are barred based on that entitlement. In response, KFI maintains that the City waived its sovereign immunity by purchasing liability insurance that would cover its claims. Whereas the Court previously lacked sufficient information to assess these arguments, now it must consider whether KFI's claims are barred by sovereign immunity.

In Georgia, "municipal sovereign immunity may be waived only by the purchase of liability insurance if the 'policy of insurance issued covers an occurrence for which the defense of

3

sovereign immunity is available, and then only to the extent of the limits of such insurance policy.'" CSX Transp., Inc. v. City of Garden City, 588 S.E.2d 688, 690 (Ga. 2003) (quoting O.C.G.A. § 36-33-1(a)). The party seeking to benefit from a waiver of sovereign immunity bears the burden of showing that a municipality has waived its sovereign immunity. Ga. Dep't of Human Res. v. Poss, 434 S.E.2d 488, 489 (Ga. 1993) ("immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver"), *overruled on other grounds by* Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 528 S.E.2d 508, 510 (Ga. 2000); Albertson v. City of Jesup, 718 S.E.2d 4, 7 (Ga. Ct. App. 2011) (plaintiff failed to rebut city's claim of entitlement to sovereign immunity "even though he had the burden of doing so as the party who would benefit from any waiver of sovereign immunity.").

The sovereign immunity analysis applicable to a municipality applies equally to claims against its public employees in their official capacities. Thus, a city employee, in his official capacity, is entitled to sovereign immunity whenever the city that employs him would be so entitled. See Cameron v. Lang, 549 S.E.2d 341, 346 (Ga. 2001) ("Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign

4

immunity.") (citations omitted); Wendelken v. JENK LLC, 661 S.E.2d 152, 155 (Ga. Ct. App. 2008) (finding sovereign immunity to be a viable defense for city employees in their official capacities where no evidence of record that the city maintained liability insurance that would cover plaintiffs' claims).

KFI contends that the City has purchased insurance and has therefore waived its sovereign immunity to the extent of that coverage. In support of this assertion, KFI initially pointed to the City's Public Entity Management Liability Coverage, issued by Travelers Indemnity Company ("Travelers") and effective July 1, 2012. See Dkt. No. 44-1, pp. 24-25; Dkt. No. 44-5 (insurance policy excerpt). The City referred to this as its coverage for wrongful acts of public officials. Dkt. No. 77, p. 8.

As the City pointed out, this portion of its insurance policy contained an "Exclusions" section, which specified that the insurance would not cover "Loss arising out of any criminal, dishonest, fraudulent, or malicious 'wrongful act', or any known violation of rights or laws committed: (1) By the insured; or (2) With the consent or knowledge of the insured." See Dkt. No. 49, p. 22; Dkt. No. 44-5, p. 7 (insurance policy). The policy defines a "wrongful act" as "any act, error or omission". Dkt. No. 44-5, p. 18. KFI's only remaining claims are for fraud and conspiracy, both of which require KFI to show that the City

committed a fraudulent act.[1] If KFI were to succeed in showing that the City committed fraud, any damages awarded would fall into this exclusion. As this insurance would not cover the potential loss in this case, the City has not waived its sovereign immunity as a result of purchasing this part of the insurance policy.[2] See Dugger v. Sprouse, 364 S.E.2d 275, 275 (Ga. 1988) ("where the plain terms of the policy provide that there is no coverage for the particular claim, the policy does not create a waiver of sovereign immunity as to that claim. . . . Where there is no insurance coverage, there is no waiver of sovereign immunity."); Alewine v. Horace Mann Ins. Co., 398 S.E.2d 756, 757 (Ga. Ct. App. 1990) ("when the language is clear, an insurance policy is interpreted according to its plain language and express terms, just as any other contract.") (citations omitted).

---

[1] The elements of fraud in Georgia are: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff. Crawford v. Williams, 375 S.E.2d 223, 224 (Ga. 1989) (citations omitted). The success of the civil conspiracy claim is tied to that of the fraud claim because "[a]bsent the underlying tort, there can be no liability for civil conspiracy." Mustaqeem-Graydon v. SunTrust Bank, 573 S.E.2d 455, 461 (Ga. Ct. App. 2002) (citations omitted).

[2] There has been some discussion regarding which of several insurance policies to analyze given the various relevant time periods in this case. As the City noted, each Travelers policy providing Public Entity Management Liability Coverage (from mid-2008 to mid-2013) contains an exclusion substantially similar to that in the 2012 policy discussed above. The Trident Public Officers' Liability Coverage that the City maintained from mid-2006 to mid-2008 also contained this type of exclusion. See Dkt. No. 77, pp. 7-8, 10-11 ("This insurance does not apply to . . . a claim against any insured flowing from or originating out of a dishonest, malicious, fraudulent or criminal act, error or omission by any person."). Thus, the same exclusion would apply under all of the arguably applicable policies of this type.

KFI also alleged that the portion of the City's Travelers policy entitled "Commercial General Liability" would cover its claims. Dkt. No. 53, p. 21. This portion of the policy covers sums that the insured becomes legally obligated to pay because of "personal injury" or "property damage" to which the insurance applies. KFI pointed out that the "Exclusions" section of this portion of the policy does not include fraud. Dkt. No. 53, p. 21.

Though there were arguments made about several issues relating to this portion of the policy, an issue that the City raised in its supplemental brief is dispositive. See Dkt. No. 77, pp. 12-14. In short, this type of insurance does not cover losses caused by fraud claims under Georgia law. The standard commercial general liability policy, like the City's policy of this type, covers "property damage" caused by an "occurrence", which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Dkt. No. 53-8, pp. 4, 17. The Supreme Court of Georgia, pursuant to a certified question of state law from the Eleventh Circuit, recently declared that the elements of fraud under Georgia law—including scienter and intention to induce action or inaction—make for a theory of liability that is mutually exclusive with the idea of an "accident." Taylor Morrison Servs., Inc. v. HDI-Gerling America Ins. Co., 746

S.E.2d 587, 594 (Ga. 2013). Because claims for fraud under Georgia law are incompatible with the notion of an "accident", such claims will not involve an "occurrence" as defined in a standard commercial general liability policy. Id. at 595. In other words, "in most cases, for an 'occurrence' to exist, the claims must be for something other than fraud[.]" Id. Given this recent pronouncement by the Supreme Court of Georgia, and noting that all of the relevant commercial general liability policies maintained by the City over the relevant time period contain the same language as the policy considered by the Taylor court, the Court finds that KFI's remaining claims for fraud and conspiracy would not be covered by the City's Commercial General Liability policy.[3] Consequently, the City has not waived its sovereign immunity for fraud claims based on this portion of its insurance policy.

KFI has not shown that the City waived its sovereign immunity by purchasing insurance that would cover KFI's remaining claims. As a result, the Court finds that the City did not waive its sovereign immunity, and the Court need not reach the ante litem notice issue or decide whether material

---

[3] The policies in place from mid-2008 to mid-2010 used the word "event" rather than "occurrence", but "event" was defined the same as "occurrence" in the other policies and in the Taylor decision. Compare Dkt. No. 75-1, p. 9 ("Event means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."), with Dkt. No. 75-1, p. 119 ("'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.").

8

AO 72A
(Rev. 8/82)

issues of fact remain regarding KFI's claims. See Scott v. City of Valdosta, 634 S.E.2d 472, 486 (Ga. Ct. App. 2006).

**CONCLUSION**

The evidence presented did not demonstrate that the City, including its agents in their official capacities, waived sovereign immunity by the purchase of liability insurance that would cover KFI's claims. Thus, the remaining claims against the City, including its agents in their official capacities, are barred by sovereign immunity. The City's Motion for Summary Judgment is **GRANTED**, and KFI's Partial Motion for Summary Judgment is **DENIED**.

**SO ORDERED**, this 12TH day of February, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA